this matter to the district court for the purpose of holding a hearing within 30 days of the mandate for entry of an order in conformity with this opinion. Furthermore, we order that Jacey be appointed a guardian ad litem to assist Jacey in the future in determining matters related to whether or not it is in her best interests to renew visitation with Darla.

## CONCLUSION

For the reasons set forth above, we affirm in part, and in part reverse the decision of the district court and remand the cause for further proceedings consistent with this opinion.

Affirmed in part, and in part reversed and remanded for further proceedings.

———————

State of Nebraska, appellee, v.
Ronnie Dubray, Jr., appellant.
___ N.W.2d ___

Filed February 25, 2014.    No. A-13-246.

1. **Sentences: Prior Convictions: Habitual Criminals.** Anyone who has been twice convicted of a crime, sentenced, and committed to prison, in Nebraska or any other state or by the United States, for terms of not less than 1 year each shall, upon conviction of a felony committed in Nebraska, be deemed to be a habitual criminal.

2. **Habitual Criminals: Indictments and Informations.** When punishment of an accused as a habitual criminal is sought, the facts with reference thereto shall be charged in the indictment or information which contains the charge of the felony upon which the accused is prosecuted.

3. **Sentences: Prior Convictions: Habitual Criminals.** The statutory provisions concerning habitual criminals do not create a new or separate offense, but provide merely that the repetition of criminal behavior aggravates guilt and justifies a greater punishment than would otherwise be considered.

4. **Sentences: Prior Convictions: Habitual Criminals: Indictments and Informations.** The essential allegations which an information must contain to sufficiently set forth a charge that a defendant is a habitual criminal are that the defendant has been (1) twice previously convicted of a crime, (2) sentenced, and (3) committed to prison for terms of not less than 1 year each.

Appeal from the District Court for Lancaster County: Steven D. Burns, Judge. Affirmed.

Dennis R. Keefe, Lancaster County Public Defender, and Shawn Elliott for appellant.

Jon Bruning, Attorney General, and Carrie A. Thober for appellee.

Inbody, Chief Judge, and Irwin and Pirtle, Judges.

Irwin, Judge.

## I. INTRODUCTION

Ronnie Dubray, Jr., appeals an order of the district court for Lancaster County, Nebraska, allowing the State to amend the information related to a habitual criminal charge at the habitual criminal hearing. On appeal, Dubray asserts that it was error to allow amendment of the information at that point and that the court erred in failing to specifically rule on the admissibility of one of four prior offenses proffered by the State to demonstrate that Dubray is a habitual criminal. We find that the allowed amendment concerned only historical facts and not information necessary to the pleading and that there was sufficient properly considered evidence to support the habitual criminal finding. We affirm.

## II. BACKGROUND

Dubray was charged by information with possession of a controlled substance and being a habitual criminal. With respect to the habitual criminal charge, the State alleged in the information that Dubray had "been twice convicted of a crime, sentenced and committed to prison, in this or any other state or by the United States . . . for terms of not less than one year each." The State also made more specific assertions, indicating particular timeframes, counties of origin, underlying charges, docket numbers, and particular ranges of sentences for three alleged prior convictions.

Dubray ultimately entered a plea to possession of a controlled substance. Subsequently, a hearing was held on the assertion that Dubray is a habitual criminal. At that hearing, the State moved to file an amended information. The State specifically requested to amend the particular assertions concerning the first proffered prior conviction to reflect a different

county of origin and docket number and to add a fourth proffered prior conviction.

The State provided exhibits consisting of e-mail exchanges between Dubray's counsel and the State indicating that the State had provided notice to Dubray about the particular prior offenses it intended to rely upon. The State had notified Dubray about the specific first three prior offenses asserted in the original information more than 5 months prior to the habitual criminal hearing, and had specifically indicated that the wrong county of origin had been pled more than 2 months prior to the habitual criminal hearing. The State notified Dubray about the fourth prior offense, sought to be added in the amended information, more than 1 month prior to the habitual criminal hearing. Dubray's counsel acknowledged that he had no objection to the sufficiency of notice provided concerning the specific prior offenses the State was relying on to demonstrate that Dubray is a habitual criminal.

Dubray objected to the State's motion to amend the information. Although Dubray acknowledged having notice of the specific prior convictions the State was alleging, he nonetheless objected to the State's being allowed to change the county of origin for one of the proffered prior convictions and to its being allowed to add an additional prior conviction. Dubray also objected to the court's use of one of the other proffered prior offenses because the State's evidence indicated a sentence of "one year" without specifying a minimum sentence.

The district court ultimately overruled Dubray's objections to the State's request to amend the information. The court specifically found that the State was not required to plead the specific details related to alleged prior offenses and that the subject of the State's amendment to the information was not related to information required to be pled. The court noted that Dubray had notice of the specific proffered prior convictions well in advance of the hearing and that there was no due process issue. The court declined to specifically rule on the admissibility of the one prior offense for which the evidence indicated a sentence of "one year" and to which Dubray had objected, but the court found that the evidence related to the

other three proffered prior convictions was sufficient to establish that Dubray is a habitual criminal. The court sentenced Dubray, and this appeal followed.

## III. ASSIGNMENTS OF ERROR

On appeal, Dubray has assigned two errors. First, he asserts that the district court erred in permitting the State to amend the information at the habitual criminal hearing. Second, he asserts that the court erred in failing to rule on the admissibility of the prior offense for which he had received a sentence of "one year."

## IV. ANALYSIS

There is little dispute about the appropriate authority to guide our resolution of this case. In the district court and in briefs on appeal to this court, the parties have cited to and urged use of *State v. Harig*, 192 Neb. 49, 218 N.W.2d 884 (1974), as being dispositive. The parties differ on the outcome suggested by that case. We agree that the case sets forth the appropriate analysis and resolution, and we conclude that there is no merit to Dubray's assertion on appeal that it was error to allow the State to amend the information.

[1,2] Neb. Rev. Stat. § 29-2221(1) (Reissue 2008) provides that anyone who "has been twice convicted of a crime, sentenced, and committed to prison, in this or any other state or by the United States . . . for terms of not less than one year each shall, upon conviction of a felony committed in this state, be deemed to be a habitual criminal." Section 29-2221(2) provides that "[w]hen punishment of an accused as a habitual criminal is sought, the facts with reference thereto shall be charged in the indictment or information which contains the charge of the felony upon which the accused is prosecuted . . . ."

In *State v. Harig, supra*, the Nebraska Supreme Court addressed a substantially similar factual situation. In that case, the State charged the defendant with being a habitual criminal. The State alleged the basic language of § 29-2221(1), alleging that the defendant had been convicted of two prior crimes and sentenced and committed to prison to terms of not less

than 1 year on each. The State also alleged more particular information about the prior offenses, including the specific dates of the prior convictions. The State, however, misstated the date of one prior offense. Based on the evidence adduced at the habitual criminal hearing, the State sought to amend the information to correct the mistaken date of the proffered prior offense, and the court allowed the amendment over the defendant's objection.

[3] The Nebraska Supreme Court iterated that the statutory provisions concerning habitual criminals do not create a new or separate offense, but provide merely that the repetition of criminal behavior aggravates guilt and justifies a greater punishment than would otherwise be considered. See *State v. Harig, supra*. The court recognized that any mistake concerning details of an alleged prior offense would have no impact on the allegation of the underlying current felony or felonies. See *id*.

[4] The court recognized that "the time of a prior conviction is only a historical fact." *Id*. at 55, 218 N.W.2d at 889. The court iterated that under Nebraska law, the essential allegations which an information must contain to sufficiently set forth a charge that a defendant is a habitual criminal are that the defendant "has been (1) twice previously convicted of a crime, (2) sentenced, and (3) committed to prison for terms [of] not less than 1 year each." *Id*. The court specifically held that "[*t*]*hese* are 'the facts with reference thereto' referred to in [§] 29-2221." *Id*. (emphasis supplied). The court continued and recognized that although "it is undoubtedly desirable and helpful to have the dates of the prior felonies alleged in the" charging document, the absence of such allegations would not render the pleading insufficient. *State v. Harig*, 192 Neb. 49, 55, 218 N.W.2d 884, 889 (1974).

In *State v. Harig, supra*, the Supreme Court found that the State's mistake regarding the date of one of the proffered prior offenses set forth in the information was not a violation of the requirement in § 29-2221(2) that the facts with reference to the alleged prior offenses needed to be set forth. The court also found that there would be no constitutional deficiency from failing to make such an assertion in the information

"so long as means are and were provided for the defendant to obtain the information relative to the specific dates of the offenses relied upon as prior felonies" to support the habitual criminal charge. *State v. Harig*, 192 Neb. at 57, 218 N.W.2d at 890. In *State v. Harig, supra*, the fact that the defendant had been "aware for at least 2 weeks prior to the [habitual criminal] hearing that the State was going to ask leave to amend the information" and the trial court's willingness to offer a continuance if needed by the defendant demonstrated that the defendant was not prejudiced by the motion to amend the information. *Id*.

The present case is substantially similar, and the outcome should be the same. As in *State v. Harig, supra*, the State in the present case specifically pled the language of § 29-2221(1) to allege that Dubray had twice previously been convicted, sentenced, and committed to prison for terms of not less than 1 year each. As the Supreme Court specifically held, *those* are the facts that are required to be pled. Also, as in *State v. Harig, supra*, the State in the present case elected to provide more specific information to Dubray by alleging details about the prior offenses it intended to use to support the habitual criminal charge. Those allegations, however, were unnecessary and amounted to historical facts, not essential items that were required to be pled.

As in *State v. Harig, supra*, Dubray was well aware, for a substantial time before the habitual criminal hearing, of precisely which prior offense the State was intending to use to support the habitual criminal charge and was aware for several weeks prior to the hearing that the State would seek to amend the information to remedy the mistaken details it had pled. As in *State v. Harig, supra*, there is no showing or assertion that Dubray was in any way prejudiced by the mistake or by the State's motion to amend the information.

As such, as the Supreme Court held in *State v. Harig, supra*, we conclude that there was no error by the district court in allowing the State to amend the information. Dubray's assertions to the contrary are meritless.

In light of our conclusion that the district court did not err in allowing the State to amend the information, the evidence

adduced concerned four specific prior convictions. One of those is a prior conviction to which Dubray has raised no challenge whatsoever. The remaining three alleged prior convictions include the one prior conviction for which the State amended and changed the county of origin, the new prior conviction for which the State amended and added to the information, and the one prior conviction for which the evidence indicates that Dubray was sentenced to a term of "one year." Other than his assertions that the court should not have allowed the State to amend the information, Dubray has raised no challenge to the sufficiency of the evidence concerning the prior conviction for which the State amended and changed the county of origin or the new prior conviction for which the State amended and added to the information. In light of our conclusions above, having found no error in the court's allowing the amendment, the evidence thus demonstrates that the State adduced evidence of three prior convictions for which Dubray was sentenced and committed to terms of not less than 1 year.

Like the district court, we decline to further address Dubray's assertions concerning the remaining proffered prior offense for which the evidence indicates he was sentenced to a term of "one year." Section 29-2221 provides that the State is required to demonstrate two prior convictions, and regardless of the admissibility of the prior conviction for which he was sentenced to "one year," the State has adduced sufficient evidence of three prior offenses. Thus, there is no need to consider the fourth prior offense or whether it could appropriately be considered.

### V. CONCLUSION

We find no merit to Dubray's assertions on appeal. The district court did not err in allowing the State to amend the information at the habitual criminal hearing, and the State adduced sufficient evidence to demonstrate that Dubray is a habitual criminal. We affirm.

Affirmed.